Whisht, J.,
delivered the opinion of tbe Court.
The first error assigned for the reversal of the judgment in this cause is, the reading of the deposition of B. G. Hampton, because the justice of the peace who took it, did not certify that he was not interested in the event of the suit, nor of counsel or attorney to either party.
This position has nothing in it for several reasons. In Blair v. The Bank of Tennessee, 11 Hum., 84-88, it was decided by this Court, that the act of 1801, ch. 5, § 32, applies exclusively to depositions taken in equity causes, and not to depositions in cases pending in Courts of law; and that there was no law or rule of Court in force, requiring such a certificate in Courts of Law. But if this were not so, the deposition was read upon the trial without objection on this point, and it cannot now be insisted on as error in this Court. It is true, exceptions were filed in 1856, to the form of the certificate, but they were never acted on by the Court; and at the trial of the cause in 1858, they were not renewed, and so the benefit of this matter was lost. 1 Swan, 57-333. Besides, the deposition of the same witness taken after the former, in which the same facts are substantially proved, was read without exception or objection, as to this matter, and so defendant could not have been prejudiced by the reading of the former deposition.
It is next objected, that in the examination of Hampton, Bogwall, and Bell, leading questions were put to them, and their answers permitted by the Court to go to the jury. But if this were so, it would, we appre- *376 bend, be exceedingly difficult to assign this as error in this Court. 1 Greenl. on Ev., §§ 434-435; Moody v. Rowell, 17 Pick., 498. But without laying down any rule as to this question, we have, from an examination of the depositions, been unable to discover that they were objectionable on this ground, under the rules of law applicable to such questions. 1 Greenl. on Ev., 434-435. Certainly some of them are not, and the greater portion of all of them are free of exception on this score. And if certain parts of any of these depositions could, legally, have been excluded by the Court, the defendant should, specifically, have pointed them out, and made his objection to the illegal matter in them. He could not put the Circuit Judge in error by objecting, as he did, to all of these depositions. Whitley v. Davis’ Lessee, 1 Swan, 333-336.
The next error assigned is, that the Court permitted Low, a witness, to prove that Bogwell and Hamilton were physicians, and their places of residence. But it is impossible for us to perceive how the defendant was prejudiced by this evidence. It was certainly material to show that Bogwell and Hamilton, who were witnesses in the cause, and had attended the slave in question during his last illness, were physicians.
Objection is next made to the manner in which the jury were sworn. But the principle of the case of Doss v. Birks, 11 Hum., 431, is decisive against the objection. Besides, the defendant and his counsel were present when the jury were sworn, and did not then complain, and cannot now be heard in this Court upon the question.
It is .finally said the Court erred in permitting the statements of the slave, as to the duration of his sick *377 ness, to go to tbe jury. The statement objected to was made to Dr. Hampton, the attending physician, who proved that the slave died the 8th of September, 1854, of scrofula; that, in his opinion, the disease was of long standing, and upon him when Bell purchased him; that the slave stated that he had labored under an attack of a similar kind for several years past; and that, from a post mortem examination, he believed the statement correct. From this record, we are forced to believe that this statement of the slave was drawn from him by Dr. Hampton, while investigating the character and symptoms of his disease; and was, therefore, admissible evidence under the rule laid down in Yeatman & Armistead v. Hart, 6 Hum., 375, and Jones v. White, 11 Hum., 268-270.
Judgment affirmed.